[Cite as *State v. Henry*, 2024-Ohio-2369.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ERIC HENRY | : | Case No. 23CAC080044 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Municipal Court, Case No. 23TR00055


JUDGMENT:       Affirmed


DATE OF JUDGMENT:       June 20, 2024


APPEARANCES:

For Plaintiff-Appellee

AMELIA BEAN-DEFLUMER
70 North Union Street
Delaware, OH  43015

For Defendant-Appellant

APRIL F. CAMPBELL
545 Metro Place South
Suite 100
Dublin, OH  43017

*King, P.J.*

{¶ 1}   Defendant-Appellant, Eric Henry, appeals his July 19, 2023 conviction in the Municipal Court of Delaware County, Ohio, after the trial court found him competent to stand trial.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 30, 2022, Ohio State Highway Patrol Trooper S. Church charged Henry with one count of operating a motor vehicle while under the influence in violation of R.C. 4511.19, one count of failure to control in violation of R.C. 4511.202, and one count of driving in marked lanes in violation of R.C. 4511.33.

{¶ 3}   On February 22, 2023, Henry requested a competency evaluation.  By order filed March 8, 2023, the trial court granted the request.  The evaluation was completed by Amanda Conn, Psy.D., and Laura Sowers, Psy.D., with Forum Ohio LLC.  They submitted a report and opined that Henry was competent.  Henry objected to the report.

{¶ 4}   A hearing was held on May 15, 2023.  The trial court deemed the report admissible.  Henry requested a second evaluation.  The trial court denied the request.  By entries filed May 17, 2023, the trial court found Henry to be competent to stand trial.

{¶ 5}   On July 19, 2023, Henry pled no contest to the OVI charge and the remaining charges were dismissed.  By final judgment entry filed on the same date, the trial court sentenced Henry to one hundred eighty days in jail, one hundred seventy-seven days suspended.  The remaining three jail days were suspended in lieu of Henry completing a driver intervention program.

{¶ 6}   Henry filed an appeal with the following assignment of error:

I

{¶ 7}   "THE TRIAL COURT SHOULD NOT HAVE FOUND HENRY COMPETENT BECAUSE THE TRIAL COURT CANNOT RELY ON AN INADMISSIBLE COMPETENCY REPORT."

I

{¶ 8}   In his sole assignment of error, Henry claims the trial court erred in finding him competent because it relied on an inadmissible competency report.  We disagree.

{¶ 9}   Due process requires a criminal defendant be competent to stand trial. *State v. Berry*, 72 Ohio St.3d 354 (1995).  "It has long been accepted that a person who lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).  Thus, the conviction of a defendant who is legally incompetent is a violation of due process.

{¶ 10} The United States Supreme Court set forth the test to determine whether a defendant is competent to stand trial: "'[the] test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Dusky v. United States,* 362 U.S. 402 (1960), quoting the Solicitor General.

{¶ 11} Under R.C. 2945.37, competence to stand trial, subsection (G) states a defendant is presumed to be competent to stand trial.  The subsection goes on to state: "If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding

the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial . . . ." The burden is on the defendant to prove by a preponderance of the evidence that he is not competent.  *State v. Were,* 2008-Ohio-2762, ¶ 45.  The Court in *Were* at ¶ 46 went on to state:

> A trial court's finding that a defendant is competent to stand trial will not be disturbed when there is some reliable and credible evidence supporting those findings.  *State v. Vrabel,* 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, ¶ 33; *State v. Williams* (1986), 23 Ohio St.3d 16, 19, 23 OBR 13, 490 N.E.2d 906.  Deference on these issues should be given "to those who see and hear what goes on in the courtroom."  *State v. Cowans* (1999), 87 Ohio St.3d 68, 84, 717 N.E.2d 298.

{¶ 12} The trial court conducted a competency hearing on May 15, 2023.  At the start of the hearing, the following exchange occurred (T. at 4-5):

> THE COURT: Certainly 2945.37 outlines that this is an absolutely admissible - - admissible evaluation.  I will hear you out, Mr. Smith, but it is admissible, and I do find that by a preponderance of the evidence that it is sufficient.  I don't find any glaring mistakes in it unless you want to point something out.  But the bottom line is it is admissible, and I am going to admit it here today.

MR. SMITH: Understood, Your Honor.

THE COURT: So what - - what are your grounds?

MR. SMITH: Your Honor, my grounds are that this report certainly is admissible; and following a hearing, I believe the Court could declare Mr. Henry competent on this [unintelligible].  However, I do think it would be a good idea to get a second report.

THE COURT: Why?

MR. SMITH: Reading this report and from speaking with Miss Conn - - from Dr. Conn [unintelligible], it appears Mr. Henry was not a very good participant in that hearing.  I think that's uncontested.

{¶ 13} Defense counsel argued Henry's mental health issues are what caused him to not participate or cooperate in the competency evaluation.  T. at 5-7.  Defense counsel argued "this is one of those cases where if he had participated, I don't know if there would have been a different result.  And I think Miss Conn would testify today that if he participated better, there may have been a different result.  You know, it's hard to tell."  T. at 7.  Defense counsel produced an extensive document from a 2016 Social Security case that discussed his medical history and mental impairments.  T. at 9; Defendant's Exhibit A.  Defense counsel argued the exhibit could explain why Henry did not participate in his evaluation.  T. at 10.  The trial court pointed out the exhibit could explain mental health issues, but not necessarily competency issues, and defense counsel agreed.  *Id.* Dr. Conn was present and available to testify, but everyone agreed she would testify to the report and there was no need to question her.  T. at 11.  Defense counsel pointed out

that Dr. Conn stated in her report "that had he participated more fully, a different result could have been reached. It might have been reached." *Id.* But defense counsel chose not to question Dr. Conn on this opinion.

{¶ 14} The trial court took a recess to review Defendant's Exhibit A. After its review, the trial court admitted it was a close call to order a second evaluation, but given the totality of the record and Dr. Conn's comprehensive report "that does go into the history - - she did go into his - - like to his current evaluations or most recent evaluations at Southeast - - based on everything here, I am going to find the defendant competent." T. at 14.

{¶ 15} Defense counsel agreed the report was admissible and the trial court could declare Henry competent based on the report. The crux of defense counsel's argument is Henry should have been afforded a second evaluation because he did not participate fully in the first evaluation. Yet defense counsel did not question Dr. Conn on this point, nor did defense counsel outline his concerns with Henry.

{¶ 16} The crux of appellate counsel's argument is the report was not admitted into evidence, nor was it stipulated to, so the trial court could not rely on it under R.C. 2945.37(E) which states:

> The prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but, if either the prosecution or defense objects to its

admission, the report may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule.

{¶ 17} R.C. 2317.36 permits the admissibility of a report as long as the expert testifies; R.C. 2317.37 permits cross-examination by the opposing party, "but the fact that his testimony is not obtainable shall not render the report or finding inadmissible, unless the trial court finds that substantial injustice would be done to the adverse party by its admission"; and R.C. 2317.38 requires notice of intention to offer the report to the opposing party. Defense counsel did not object to the report's admission, and chose not to cross-exam Dr. Conn on her report; defense counsel wanted a second evaluation.

{¶ 18} The trial court received a competency evaluation report per its March 8, 2023 order. An examination of the record shows the report is included in the exhibit packet of the case, although it does not contain an exhibit sticker. The trial court was clear in stating it was admitting the report and defense counsel did not object, agreeing to its admissibility. T. at 4-5.

{¶ 19} The trial court noted in their report, the evaluators considered Henry's mental health history and relied on documents from his current mental health provider, Southeast, Inc. *See* Entry & Order Finding Defendant Competent to Stand Trial and Denying Defendant's Motion for a Second Competency Evaluation filed May 17, 2023. The trial court further noted the following:

Significantly, Dr. Conn in her report noted that Defendant's lack of cooperation and poor distress tolerance during the evaluation 'appears to be an effort to appear more impaired than he actually is and a reaction to

not being able to control the interview.'   April 4, 2023 Competency Evaluation at p. 21.  Dr. Conn specifically found that ["]Southeast noted no concerns about [Defendant's] psychiatric stability or his cognitive abilities…" *Id.* At p. 22.  Dr. Conn specifically found that although Defendant was uncooperative and agitated during his evaluation, Defendant did not demonstrate signs of a disorder of thought, mood, perception, orientation, or memory that would impair his judgement (sic), behavior, capacity to recognize reality, or ability to mee (sic) the ordinary demands of life.

{¶ 20} The trial court concluded based upon the evaluation report, Henry "is presently capable of understanding the nature and objective of the proceedings against him and of presently assisting in his defense."  The trial court determined a second evaluation was not necessary as the submitted evaluation report was "thorough and very detailed."

{¶ 21} The trial court's finding of competency was made after receiving a competency evaluation report and holding a hearing on the matter.  The determination was based on the detailed evaluation and report prepared by Dr. Conn, a licensed psychologist, and Dr. Sowers, a postdoctoral forensic psychology fellow.  They based their opinion in part on mental health information they reviewed from Southeast dated 2022.  The mental health information contained in Defendant's Exhibit A was dated 2016.  The 2022 information is a more current view of Henry's mental health issues.  While they acknowledged Henry was uncooperative during his evaluation, they opined his "functional abilities suggest that he exaggerated his impairment."  Based upon the various

assessments and questions they asked Henry and the totality of the evidence, the evaluators concluded Henry "has the ability to understand the nature and objective of the proceedings against him and he is able to assist in his defense if he chooses to do so." We find the trial court's decision of competency is based on reliable, credible evidence.

{¶ 22} Upon review, we find the trial court did not abuse its discretion in determining Henry was competent to stand trial.

{¶ 23} The sole assignment of error is denied.

{¶ 24} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.

By King, P.J.

Wise, J. and

Baldwin, J. concur.